UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DARRYL KELLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 22-3151 |
| | ) | |
| ILLINOIS DEPARTMENT OF CORRECTIONS, *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |

## MERIT REVIEW ORDER – SECOND AMENDED COMPLAINT

This cause is before the Court for merit review of Plaintiff's Second Amended Complaint. (Doc. 16). The Court is required by 28 U.S.C. § 1915A to "screen" Plaintiff's Second Amended Complaint, and through such process, to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A.

## BACKGROUND

On August 10, 2022, Plaintiff filed a Complaint under 42 U.S.C. § 1983 alleging that Defendant Illinois Department of Corrections ("IDOC") and Defendant Sherryl Hinthorne, the Warden of Jacksonville Correctional Center ("Jacksonville"), subjected him to cruel and unusual punishment, failed to protect him from COVID-19, and retaliated against him. (Doc. 1). Plaintiff provided no other information, and consequently, no factual basis for his claims. The Court dismissed Plaintiff's Complaint without prejudice and allowed him an opportunity to file an Amended Complaint. (Doc. 9).

In his Amended Complaint, Plaintiff alleged that Jacksonville failed to take adequate steps to protect him from contracting COVID-19. (Doc. 10). At merit review, the Court stated that

1

Plaintiff had not articulated a violation of his constitutional rights simply because he contracted COVID-19. (Doc. 11). The Court dismissed Plaintiff's Amended Complaint for failure to state a claim and gave him a final opportunity to file a Second Amended Complaint. The Court instructed Plaintiff that he must provide enough facts to allege the Defendant was deliberately indifferent to his welfare and specifically state what the Defendant did or did not do which directly led to his diagnosis. The Court advised Plaintiff that it was not enough to make a vague reference to policies. The Court warned Plaintiff that if he again ignored the Court's specific directions, his case would be dismissed.

## ALLEGATIONS

In his Second Amended Complaint, Plaintiff names Warden Sherryl Hinthorne as the sole Defendant. (Doc. 16). Plaintiff alleges he was diagnosed with COVID-19 in January or February 2022, because Defendant Hinthorne failed to protect him from contracting the virus. Plaintiff states that Jacksonville was originally designed to house 500 inmates but currently has over 900 inmates, making social distancing impossible. Plaintiff claims that Defendant Hinthorne violated IDOC policy to provide a safe environment for all individuals in custody during the pandemic through proper quarantining, adequate face masks, and social distancing. Plaintiff alleges that Defendant Hinthorne failed to reduce the inmate population at Jacksonville, thereby forcing inmates to share cells and sit face-to-face, shoulder-to-shoulder in the dining hall during meals. Due to his COVID-19 infection, Plaintiff alleges that he continues to suffer from headaches, shortness of breath, and chronic fatigue.

## ANALYSIS

Plaintiff has not articulated a violation of his constitutional rights simply because he contracted COVID-19. *See Money v. Pritzker*, 453 F. Supp. 3d 1103, 1131 (N.D. Ill. 2020) ("given

the constantly shifting parameters and guidance regarding how to combat a previously little-known virus, it is worth pointing out that the mere failure ... to choose the best course of action does not amount to a constitutional violation.") (internal citation omitted); *Jackson v. Austin*, 2022 WL 2669162, at *2 (S.D. Ill. July 11, 2022) ("[w]hile the presence of COVID-19 in the prisons presents a substantial risk of serious harm, [plaintiff] fails to plead that Defendants acted with total unconcern for [his] welfare.") (internal citation omitted); *Lawson v. Pritzker*, 2022 WL 757932, at *2 (C.D. Ill. Mar. 11, 2022) (plaintiff failed to plead facts showing defendants' overall response was so lacking as to demonstrate deliberate indifference).

Plaintiff also has not articulated a constitutional violation based on Defendant Hinthorne's alleged failure to facilitate social distancing recommendations or provide adequate face masks. The Seventh Circuit has explained that "CDC Guidelines—like other administrative guidance—do not themselves set a constitutional standard." *Mays v. Dart*, 974 F.3d 810, 823 (7th Cir. 2020). "[W]hile the recommendations of these various groups may be instructive in certain cases, they simply do not establish the constitutional minima; rather, they establish goals recommended by the organization in question." *Id.* Furthermore, "violations of state laws or prison policies do not constitute a violation of the Constitution under § 1983." *Shaw v. Kemper*, 2021 WL 5493937, at *4 (E.D. Wis. Nov. 23, 2021) (citing *Pulera v. Sarzant*, 966 F.3d 540, 551 (7th Cir. 2020) ("violation of a jail policy is not a constitutional violation enforceable under 42 U.S.C. § 1983")).

Plaintiff has not articulated a constitutional claim based on Defendant Hinthorne's alleged failure to enforce recommended COVID-19 protocols and policies. Plaintiff's Second Amended Complaint is therefore DISMISSED WITH PREJUDICE for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and § 1915A.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Second Amended Complaint is dismissed with prejudice for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment would be futile because Plaintiff cannot allege a cognizable claim under 42 U.S.C. § 1983 on these facts. This case is therefore closed.

2. The Clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.

3. This dismissal may count as one of Plaintiff's three allotted strikes pursuant to 28 U.S.C. § 1915(g). The Clerk is directed to record Plaintiff's strike in the three-strike log.

4. If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST identify the issues Plaintiff will present on appeal to assist the Court in determining whether the appeal is taken in good faith. *See* Fed. R. App. P. 24(a)(1)(c); *see also Celske v Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (stating that an appellant should be allowed to submit a statement of the grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith"); *Walker v O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (providing that a good-faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.

ENTERED:  9/27/2023

s/ James E. Shadid<br>
James E. Shadid<br>
United States District Judge